**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HOWARD LEE JACKSON,** | ) | |
| **ID # 87-2339,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:09-CV-2307-G-BH** |
| | ) | |
| **TERRELL POLICE DEPARTMENT,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for pretrial management.

## I.  BACKGROUND

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action under 42 U.S.C. § 1983 against two officers for alleged false imprisonment.  (Compl. at 3-4; Answers to Questions 2 and 3 of Magistrate Judge's Questionnaire ("MJQ").[1])  He claims he was wrongly arrested on July 30, 2009, and that this arrest led to his conviction for possession of a controlled substance and false imprisonment.  (Compl. at 3-4; Answers to Questions 2 through 5 of MJQ.)  Plaintiff has not challenged his conviction through any state process.  (*See* Answer to Question 6 of MJQ.)  He seeks to overturn his conviction and monetary compensation.  (Compl. at 4.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).  In his answers, Plaintiff states that he no longer pursues an action against the Terrell Police Department because it is a non-jural entity that is not subject to suit.  (*See* Answer to Question 1 of MJQ.)

seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff seeks to have his conviction overturned and monetary damages against two law enforcement officers under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of

federal statutes, as well as of constitutional norms." *Id.* Release from imprisonment is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). This type of relief may exclusively be obtained through a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

As for Plaintiff's claim for monetary damages for false imprisonment, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprison-
> ment, or for other harm caused by actions whose unlawfulness would render a con-
> viction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> A claim for damages bearing that relationship to a conviction or sentence that has *not*
> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying con-
viction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Plaintiff's false imprisonment claims in this case clearly relate to the validity of his state drug conviction. Because an essential element of a § 1983 claim of false imprisonment is that the imprisonment be illegal or without legal authority, *see Harper v. Merckle*, 638 F.2d 848, 860 (5th Cir. 1981), granting relief on this claim would necessarily imply the invalidity of that conviction, *see Perry v. Holmes*, 152 Fed. App'x 404, 405 (5th Cir. 2005) (per curiam); *accord Wallace v. Kato*,

3

549 U.S. 384, 393-94 (2007) (holding that *Heck* does not apply to anticipated convictions but stating in dictum that a false imprisonment claim which impugns a conviction would be barred by *Heck*). Accordingly, Plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under § 1983. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff has failed to make this showing. (*See* Answers to Questions 6 and 7 of MJQ.) Consequently, his claims of false imprisonment raised under § 1983 are "legally frivolous", *see Hamilton*, 74 F.3d at 103, and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met", *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

## IV.  RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice as frivolous until he satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The dismissal of Plaintiff's complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 18th day of December, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE